JOANNE RODRIGUES
38757 Quince Place
Newark, CA 94550
Telephone: (415) 715-4214
Email: joannecrodrigues@gmail.com

**FILED**

SEP - 8 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

*In pro se,*

# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF CALIFORNIA

| JOANNE RODRIGUES, | Case No.: 4:21-cv-01111-DMR |
|---|---|
| Plaintiff, | |
| vs. | **PLAINTIFF'S STATEMENT IN RESPONSE TO MOTION OF WITHDRAWAL BY ATTORNEY SETH WIENER** |
| ALLIANT CREDIT UNION; and DOES 1 through 10, inclusive, | |
| Defendants, | Judge: HON. JUDGE RYU |
| | Date and Time: OCTOBER 14TH, 2021, 1:30 PM |
| | Location: COURTROOM 4, 3RD FLOOR |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Plaintiff Joanne Rodrigues is filing this statement in response to the Motion to Withdraw filed by her attorney, Mr. Seth Wiener. At the August 26th Civil Law and Motion hearing, the Court asked Mr. Wiener to document the "stonewalling" of the opposing party and non-parties in this case and meet and confer with a non-party, Mr. Michael Lonich of Lonich, Patton, Elhrich and Policastri (LPEP). Mr. Wiener refused to document the "stonewalling" or meet with Mr. Michael Lonich after the hearing on August 26th, 2021.

Realizing Mr. Wiener was not working in her best interest, Plaintiff decided to end his services and consequently sent an email and a letter informing him that she was terminating his

services. In addition, Plaintiff sent Mr. Wiener a substitution form based on a recommendation by a pro bono legal services organization. Mr. Wiener refused to sign the Plaintiff substitution form because, according to him, it was done incorrectly. Had Mr. Wiener corrected the substitution form and sent it to Plaintiff, she would have signed it.

Mr. Wiener in response sent a stipulation which included the following clause, "Consistent with Rule 1.16 of the Rules of Professional Conduct, Attorney Seth W. Wiener has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of Plaintiff." Plaintiff did not agree with the statement that Mr. Wiener "has taken reasonable steps to avoid foreseeable prejudice to the rights of Plaintiff", and therefore did not sign the stipulation.

*Reasons for withdrawal: Mr. Wiener's failure to demand even the basic documents*

The three-month discovery process did not result in any significant production of documents, Plaintiff still does not have key information, which is needed to defend a motion for summary judgment, including the following:

   (1) Documentation of the chain of events leading to the freezing of accounts.

      Following are some of the pertinent questions:

         (a) Did Alliant Credit Union receive - on or before the freezing date - a document signed by Mr. Craig indicating that he authorized the freezing of the accounts.

         (b) If the document mentioned in (a) does not exist, what criterion was used to freeze the accounts.

         (c) How were the accounts verified? It is important to note that the Plaintiff's name on the account (*i.e.*, Joanne Rodrigues) does not match her name (*i.e.*, Joanne Rodrigues-Craig) in the letter sent by Mr. Boger to Alliant.

         (d) When and what accounts were frozen?

   (2) Documentation of steps that were followed to freeze the accounts with dates

PLAINTIFF'S STATEMENT IN RESPONSE TO MOTION OF WITHDRAWAL BY ATTORNEY SETH WIENER - 2

1

2

(3) The original application for the Certificates of Deposit in Plaintiff's name

(4) Documentation on Alliant Credit Union policies for Certificates of Deposit

3

4

5

In her discovery request, Plaintiff asked for documents related to these basic facts of the case in her original Production of Documents, included in Exhibit 1, on May 12th, 2021. Alliant Credit Union's response to Plaintiff's document requests is Exhibit 2.

6

7

8

**Alliant Credit Union in response to the Production of Documents did not provide any documents regarding transactions, including opening, closing, transferring, or freezing of the accounts, and documents related to interactions between Mr. Craig and Alliant Credit Union.** There were no documents showing when, how and what accounts were frozen.

9

10

11

12

13

14

15

Alliant Credit Union's response to the document request included **only a couple documents detailing interactions between** Mr. Worthge and Ms. Boger and a few bank statements. The rest of the documents are Plaintiff's family court filings, Plaintiff's emails, Family Court transcripts and documents related to Mr. Craig's other financial accounts at other banks in response to this comprehensive document request. [As Alliant's response is 236 pages and is almost completely composed of irrelevant documents, not requested by the Plaintiff. Plaintiff will not clutter the exhibits with it, but can provide it to the Court at a later date if needed.]

16

17

18

19

20

21

22

**Mr. Wiener refused to follow up with Alliant Credit Union's failure to produce even the most basic documents in this case.** After Civil Law and Motion hearing on August 26th, 2021, Plaintiff ended her attorney services and informed Alliant Credit Union that same day. Consequently, Mr. Worthge on August 30th, 2021 provided a small set of documents to Plaintiff, which by no means a comprehensive response to our original document request. This consisted of documents that Plaintiff specifically requested from the privilege log and a few other random account documents. By any accounts, these documents are not a satisfactory response to Plaintiff's original request for production.

23

24

While Mr. Worthge was "stonewalling" Plaintiff's discovery requests, he was colluding with the non-parties to collect a large number of documents on the Plaintiff without any

25

PLAINTIFF'S STATEMENT IN RESPONSE TO MOTION OF WITHDRAWAL BY ATTORNEY SETH WIENER - 3

subpoenas, including Plaintiff's emails to LPEP, the firm representing Mr. Craig in the family law matter, on custody and support, documentation on other financial accounts in Mr. Craig's name and/or Plaintiff's name and information about their children. LPEP has been very eager to provide information about Plaintiff to Alliant Credit Union. On the other hand, even with a motion to compel, LPEP has provided no documentation to Plaintiff and has resisted her requests to obtain that documentation from Robert Bosch, the other non-party.

Plaintiff requests the Court to allow her to meet and confer with Alliant, LPEP and Bosch to obtain the documents necessary to represent her position in this case.

Dated: September 7th, 2021

Respectfully submitted,

*Joanne Rodrigues*

Joanne Rodrigues
The Plaintiff

PLAINTIFF'S STATEMENT IN RESPONSE TO MOTION OF WITHDRAWAL BY ATTORNEY SETH WIENER - 4

# EXHIBIT 1

Seth W. Wiener, California State Bar No. 203747
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: seth@sethwienerlaw.com

Attorney for Plaintiff
JOANNE RODRIGUES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| JOANNE RODRIGUES, | Case No.: 4:21-cv-01111-DMR |
|---|---|
| Plaintiff, | PLAINTIFF JOANNE RODRIGUES' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALLIANT CREDIT UNION |
| v. | |
| ALLIANT CREDIT UNION; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Joanne Rodrigues requests that Defendant Alliant Credit Union respond to the following Requests for Production of Documents ("Requests") within thirty (30) days from the date of service of the Requests.

## DEFINITIONS

As used herein, the following terms shall have the following meanings:

A.    "DOCUMENT" means all originals, drafts and copies that differ in any way from the originals of all written, recorded or graphic matter, whether produced or reproduced by handwriting, magnetic recording, photograph, printing, tape, transcription of spoken language or other record of spoken language, typewriting, writing or any other means, and includes without limitation agreements, appointment books, bank statements, bills, books, business records, facsimiles, calendars, cards, checks, charts, computer printouts and tapes, correspondence, diaries, file cards, films, financial statements and reports, handwritten notes, including "post-its" or other type adhesive notes, invoices,

1  journals, ledgers, letters, logs, memoranda, memorials in any form or telephone conversations,
2  minutes, notes, notices, pamphlets, papers, purchase orders, personnel records, receipts, recording,
3  reports, telegrams, and any other pertinent information set forth in written language or any electronic
4  representation thereof and any carbon or copies of such material, if you do not have control over or
5  possession of the original. The term "DOCUMENT" also includes information stored by computer or
6  on a computer disk, diskette, tape or card, as well as any electronic recording, tape recording,
7  photograph, video, file, microfilm, microfiche, or similar recording of works, images, sounds,
8  pictures, or information of any kind. The term "DOCUMENT" also includes any and all drafts of,
9  and amendments, or supplements to any of the foregoing, whether prepared by you or any other
10  person, as well as copies of the documents that differ from the copy being produced (e.g., a differing
11  copy is one that contains handwritten notes, interlineations, underlining, and the like).

12       B.     "COMMUNICATION" means any act or system of transmitting information whatever
13  and includes but is not limited to: speaking, writing, letters, notes, messages, e-mail, voice mail,
14  facsimile, signs, billboards, advertising and so forth.

15       C.     "PERSON" means all individuals and entities of any nature whatsoever and includes,
16  in the plural as well as in the singular, any natural person, firm, associates, partnership, joint venture,
17  corporation, subdivision or part thereof, or any other entity, including all representatives of any such
18  person or persons. The masculine pronoun shall also include the feminine.

19       D.     "ALLIANT," "YOU" or "YOUR" means Defendant Alliant Credit Union, and its
20  predecessors, successors, assigns, affiliates, attorneys, officers, directors, employees, and any other
21  PERSON acting on its behalf.

22       E.     "RELATING TO" means evidencing, memorializing, referring, constituting,
23  containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, or
24  otherwise relating to in any way, in whole or in part, the subject matter referred to in this request.

25       G.     "PLAINTIFF" means Plaintiff Joanne Rodrigues.

26       H.     "COMPLAINT" means the Complaint filed in the above-captioned action, on February
27  14, 2021.

28

Requests for Production of Documents – Page 2

I. "ACCOUNT" means Alliant Account Number 24591977, including ID 01 – Savings Account, ID 40 – Checking, and ID 60 – Share Certificate.

INSTRUCTIONS

1. The DOCUMENTS produced in response to the Requests must either be produced as they are kept in the usual course of business, or be organized and labeled to correspondence with the categories in the Requests.

2. Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present and future tenses; the terms "and" as well as "or" shall mean "and/or," so that no DOCUMENT shall fail to be produced because of a limiting interpretation of the terms "and" or "or"; and words imparting the masculine include the feminine and vice versa.

3. The DOCUMENTS requested by the Requests specifically include, but are not limited to, those DOCUMENTS in the possession custody or control of YOUR agents, representatives, attorneys, accountants, auditors, investigators, consultants, or any other PERSON acting on YOUR behalf.

4. If YOU object to any part of any category of DOCUMENTS requested, please specify each such part, the basis for the objection, and indicate the extent to which YOU will be producing DOCUMENTS responsive to that category of documents requested.

5. If YOU withhold any DOCUMENT demanded on the grounds of privilege, please specify for each such DOCUMENT:

 a. the name and job title of each author of the DOCUMENT;

 b. the name and job title of each recipient of it and any other PERSON to whom a copy was furnished;

 c. the date of the DOCUMENT;

 d. a brief description of the general subject matter of the DOCUMENT;

 e. each paragraph of this demand to which the DOCUMENT is responsive; and

 f. the type of privilege claimed.

6.      If the Request calls for the production of a DOCUMENT that has been destroyed, placed beyond YOUR control, or otherwise disposed of, set forth with respect to each such DOCUMENT:

a.      the author of the DOCUMENT;

b.      the addressee, if any, and those PERSONS, if any, specified in the DOCUMENT to receive a copy thereof;

c.      the title of the DOCUMENT, if any, or other identifying data;

d.      the type of DOCUMENT (e.g., memorandum, letter);

e.      in summary, the nature and subject matter of the DOCUMENT;

f.      the date the DOCUMENT was prepared;

g.      the date the DOCUMENT was sent or received by YOU, as the case may be;

h.      the identity of all individuals to whom the substance of the DOCUMENT was transmitted, or who saw such DOCUMENT, and under what circumstances;

i.      the present location of the DOCUMENT, if not destroyed; and

j.      the name, title, home and business address, and the home and business telephone number, of the current custodian of the DOCUMENT.

7.      When the Request does not specifically ask for a particular DOCUMENT but the DOCUMENT would help to make the production complete, comprehensive or not misleading, please produce the DOCUMENT. Only non-identical copies of DOCUMENTS are to be considered separate DOCUMENTS.

8.      Unless otherwise indicated, all of the Requests set forth below call for responsive DOCUMENTS created at any time notwithstanding the fact that some of those Requests relate to events occurring during specific time periods.

REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

All DOCUMENTS RELATING TO PLAINTIFF.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

All COMMUNICATIONS between ALLIANT and PLAINTIFF.

1  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

2       All DOCUMENTS RELATING TO the ACCOUNT, including the opening of the

3  ACCOUNT, any transactions on the ACCOUNT, and the freezing of the ACCOUNT.

4  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

5       All COMMUNICATIONS between ALLIANT and any PERSON RELATING to

6  PLAINTIFF.

7  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

8       All COMMUNICATIONS between ALLIANT and any PERSON RELATING to the

9  ACCOUNT.

10  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

11       All COMMUNICATIONS between ALLIANT and Gretchen Z. Boger.

12  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

13       All COMMUNICATIONS between ALLIANT and Alistair Shaw.

14  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

15       All COMMUNICATIONS between ALLIANT and Alexis Revelo.

16  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:

17       All COMMUNICATIONS between ALLIANT and Nathan Craig.

18  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:

19       All agreements between ALLIANT and PLAINTIFF, including membership agreements,

20  account agreements, and any amendments thereto.

21  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

22       All DOCUMENTS RELATING TO ALLIANT's policies and procedures RELATING TO

23  freezing bank accounts.

24  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:

25       All DOCUMENTS RELATING TO ALLIANT's Responses to the Interrogatories served

26  concurrently herewith.

27  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:

28       All DOCUMENTS RELATING TO ALLIANT's affirmative defenses.

Requests for Production of Documents – Page 5

Dated:  May 12, 2021

LAW OFFICES OF SETH W. WIENER

By:_____
        Seth W. Wiener
        Attorney for Plaintiff
        JOANNE RODRIGUES

Seth W. Wiener, California State Bar No. 203747
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: seth@sethwienerlaw.com

Attorney for Plaintiff
JOANNE RODRIGUES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE RODRIGUES, | Case No.: 4:21-cv-01111-DMR |
| Plaintiff, | PROOF OF SERVICE |
| v. | |
| ALLIANT CREDIT UNION; and DOES 1 through 10, inclusive, | |
| Defendants. | |

I, Seth W. Wiener, declare:

I am employed in Contra Costa County, California. I am over eighteen years of age and not a party to this action. My business address is 609 Karina Court, San Ramon, CA 94582. On May 12, 2021, I served a true and correct copy of the following document(s):

- PLAINTIFF JOANNE RODRIGUES' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALLIANT CREDIT UNION

On the parties in this action, through their attorneys of record, addressed for service on the persons below:

- Mark Worthge, Worthge@litchfieldcavo.com, Litchfield Cavo LLP, 2 North Lake | Suite 400 | Pasadena, CA 91101

(By Electronic Mail) Based on the consent of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Proof of Service was executed on May 12, 2021, at San Ramon, California.

By: _____
Seth W. Wiener

Requests for Production of Documents – Page 7

# EXHIBIT 2

1   Mark K. Worthge (SBN 118435)
    Alexandria K. Hobson (SBN 303320)
2   LITCHFIELD CAVO LLP
    2 N. Lake Avenue, Suite 400
3   Pasadena, CA 91101-3003
    Tel.:   626-683-1100
4   Fax:    626-683-1113
    Email: worthge@litchfieldcavo.com
5           hobson@litchfieldcavo.com

6   Attorneys for Defendant
    ALLIANT CREDIT UNION

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   JOANNE RODRIGUES-CRAIG,                    Case No.: 4:21-cv-01111-DMR

12               Plaintiffs,                    RESPONSES TO REQUESTS FOR
                                                PRODUCTION OF DOCUMENTS
13          vs.
                                                SET ONE
14   ALLIANT CREDIT UNION; and DOES 1 through
     10, inclusive,                             Action Filed:  February 14, 2021
15               Defendants.

16

17   PROPOUNDING PARTY:    JOANNE RODRIGUES-CRAIG

18   RESPONDING PARTY:     ALLIANT CREDIT UNION

19   SET NO.:              One

20          ALLIANT CREDIT UNION (hereinafter "Responding Party") responds to Plaintiff JOANNE

21   RODRIGUES-CRAIG's ("Propounding Party") Request for Production of Documents, Set One, as

22   follows:

23                           **PRELIMINARY STATEMENT**

24          The following Responses are made solely for the purpose of this action. Each Response is subject

25   to all appropriate objections which would require the exclusion of any statement contained herein, if the

26   demand were asked of, or if the answer were made by, a witness present and testifying in Court. All such

27   objections and grounds are reserved and may be interposed at the time of trial.

28

                                            -1-

1    Responding Party has not yet completed its investigation of the facts related to this action, has not

2    yet completed its discovery in this action, and has not yet completed its preparation for trial.

3    Consequently, the following Responses are given without prejudice to the right to produce at trial any and

4    all subsequently discovered evidence relating to the proof of presently known material facts, and to

5    produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts.

6    Except for explicit facts submitted herein, no admissions of any nature whatsoever are implied or

7    should be inferred.  The fact that any demand herein has been answered should not be taken as an

8    admission or acceptance of the existence of any fact or facts set forth or assumed by any demand, or that

9    such answer constitutes admissible evidence.  This Preliminary Statement is, by this reference,

10   incorporated into each and every of the following Responses to Request.

11   Responding Party, concurrently with these responses, will transmit the documents referenced in the

12   Responses below which have document numbers ACU 0001 though 236. Responding Party also

13   incorporates the documents previously produced by Plaintiff, document numbers Rodrigues 0001 though

14   83, in these responses but will not re-transmit these documents back to Plaintiff's counsel.

### RESPONSES TO REQUESTS FOR PRODUCTION

16   **REQUEST NO. 1:**

17   All DOCUMENTS RELATING TO PLAINTIFF.

18   **RESPONSE TO REQUEST NO. 1:**

19   Objection. Responding Party objects that this request is vague and ambiguous. Responding Party

20   objects to this request to the extent that it may seek documents protected from discovery by the attorney-

21   client privilege, attorney work product, pursuant to F.R.E. Rule 408, and other applicable privileges under

22   the Evidence Code. Without waiving said objections, Responding Party will produce the non-privileged

23   documents that it understands are responsive to this Request in its possession, custody, and control.

24   **REQUEST NO. 2:**

25   All COMMUNICATIONS between ALLIANT and PLAINTIFF.

26

27

28

-2-

1  **RESPONSE TO REQUEST NO. 2:**

2          Objection. Responding Party objects to this request to the extent that it may seek documents

3  protected from discovery by the attorney-client privilege, attorney work product, pursuant to F.R.E. Rule

4  408, and other applicable privileges under the Evidence Code.  Without waiving said objections,

5  Responding Party will produce the non-privileged documents responsive to this Request in its possession,

6  custody, and control.

7  **REQUEST NO. 3:**

8          All DOCUMENTS RELATING TO the ACCOUNT, including the opening of the ACCOUNT, any

9  transactions on the ACCOUNT, and the freezing of the ACCOUNT.

10  **RESPONSE TO REQUEST NO. 3:**

11          Objection. Responding Party objects that this request is compound. Responding Party objects to

12  this request to the extent that it may seek documents protected from discovery by the attorney-client

13  privilege, attorney work product, pursuant to F.R.E. Rule 408, and other applicable privileges under the

14  Evidence Code. Without waiving said objections, Responding Party will produce the non-privileged

15  documents responsive to this Request in its possession, custody, and control.

16  **REQUEST NO. 4:**

17          All COMMUNICATIONS between ALLIANT and any PERSON RELATING to PLAINTIFF.

18  **RESPONSE TO REQUEST NO. 4:**

19          Objection. Responding Party objects that this request is overbroad, vague, and ambiguous.

20  Responding Party objects to this request to the extent that it may seek documents protected from discovery

21  pursuant to F.R.E. Rule 408 and other applicable privileges under the Evidence Code. Without waiving

22  said objections, Responding Party will produce the non-privileged documents that it understands are

23  responsive to this Request in its possession, custody, and control.

24  **REQUEST NO. 5:**

25          All COMMUNICATIONS between ALLIANT and any PERSON RELATING to the

26  ACCOUNT.

27

28

1    **RESPONSE TO REQUEST NO. 5:**

2        Objection. Responding Party objects that this request is overbroad, vague, and ambiguous.

3    Responding Party objects to this request to the extent that it may seek documents protected from discovery

4    pursuant to F.R.E. Rule 408 and other applicable privileges under the Evidence Code. Without waiving

5    said objections, Responding Party will produce the non-privileged documents that it understands are

6    responsive to this Request in its possession, custody, and control.

7    **REQUEST NO. 6:**

8        All COMMUNICATIONS between ALLIANT and Gretchen Z. Boger.

9    **RESPONSE TO REQUEST NO. 6:**

10        Objection. Responding Party objects to this request to the extent that it may seek documents

11    protected from discovery pursuant to F.R.E. Rule 408 and other applicable privileges under the Evidence

12    Code. Without waiving said objections, Responding Party will produce the non-privileged documents

13    responsive to this Request in its possession, custody, and control.

14    **REQUEST NO. 7:**

15        All COMMUNICATIONS between ALLIANT and Alistair Shaw.

16    **RESPONSE TO REQUEST NO. 7:**

17        Objection. Responding Party objects to this request to the extent that it may seek documents

18    protected from discovery pursuant to F.R.E. Rule 408 and other applicable privileges under the Evidence

19    Code. Without waiving said objections, Responding Party will produce the non-privileged documents

20    responsive to this Request in its possession, custody, and control.

21    **REQUEST NO. 8:**

22        All COMMUNICATIONS between ALLIANT and Alexis Revelo.

23    **RESPONSE TO REQUEST NO. 8:**

24        Objection. Responding Party objects to this request to the extent that it may seek documents

25    protected from discovery pursuant to F.R.E. Rule 408 and other applicable privileges under the Evidence

26    Code. Without waiving said objections, Responding Party will produce the non-privileged documents

27    responsive to this Request in its possession, custody, and control.

28

1  **REQUEST NO. 9:**

2      All COMMUNICATIONS between ALLIANT and Nathan Craig.

3  **RESPONSE TO REQUEST NO. 9:**

4      Objection. Responding Party objects to this request to the extent that it may seek documents

5  protected from discovery pursuant to F.R.E. Rule 408 and other applicable privileges under the Evidence

6  Code. Without waiving said objections, Responding Party will produce the non-privileged documents

7  responsive to this Request in its possession, custody, and control.

8  **REQUEST NO. 10:**

9      All agreements between ALLIANT and PLAINTIFF, including membership agreements,

10  account agreements, and any amendments thereto.

11  **RESPONSE TO REQUEST NO. 10:**

12      Responding Party will produce the documents responsive to this Request in its possession, custody,

13  and control.

14  **REQUEST NO. 11:**

15      All DOCUMENTS RELATING TO ALLIANT's policies and procedures RELATING TO

16  freezing bank accounts.

17  **RESPONSE TO REQUEST NO. 11:**

18      Responding Party will produce the documents responsive to this Request in its possession, custody,

19  and control.

20  **REQUEST NO. 12:**

21      All DOCUMENTS RELATING TO ALLIANT's Responses to the Interrogatories served

22  concurrently herewith.

23  **RESPONSE TO REQUEST NO. 12:**

24      Objection. Responding Party objects that this request is compound, overbroad, vague, and

25  ambiguous. Responding Party objects to this request to the extent that it may seek documents protected

26  from discovery pursuant to F.R.E. Rule 408 and other applicable privileges under the Evidence Code.

27  Without waiving said objections, Responding Party will produce the non-privileged documents that it

28  understands are responsive to this Request in its possession, custody, and control.

RESPONSES TO REQUESTS FOR PRODUCTION; SET ONE

1  **REQUEST NO. 13:**

2      All DOCUMENTS RELATING TO ALLIANT's affirmative defenses.

3  **RESPONSE TO REQUEST NO. 13:**

4      Objection. Responding Party objects that this request is compound, overbroad, vague, and

5  ambiguous. Responding Party objects to this request to the extent that it may seek documents protected

6  from discovery pursuant to F.R.E. Rule 408 and other applicable privileges under the Evidence Code.

7  Without waiving said objections, Responding Party will produce the non-privileged documents that it

8  understands are responsive to this Request in its possession, custody, and control.

9  DATED: June 15, 2021                                 LITCHFIELD CAVO LLP

10

11                                          By    Mark K. Worthge

12                                               Alexandria K. Hobson
                                                 Attorneys for Defendant
13                                               Alliant Credit Union

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

## VERIFICATION

JOANNE RODRIGUES-CRAIG v. ALLIANT CREDIT UNION
Case No.: 4:21-cv-01111-DMR

UNITED STATES DISTRICT COURT   )

                                 )

NORTHERN DISTRICT OF CALIFORNIA )

I have read the foregoing document entitled **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE,** and know the contents thereof.

I am an authorized representative of **ALLIANT CREDIT UNION,** a party to this action, am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe, and on that ground allege, that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 1̲4̲, 2021, at L̲a̲G̲r̲a̲n̲g̲e̲ , I̲l̲l̲i̲n̲o̲i̲s̲ .

_____
Print Name

_____
Signature

**PROOF OF SERVICE**
*Joanne Rodrigues v. Alliant Credit Union*
*Northern District of California*
*Case No. 4:21-cv-01111-DMR*

I, the undersigned, declare that: I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the instant case. My business address is 2 North Lake Avenue, Suite 400, Pasadena, California 91101.

On **June 15, 2021,** I served the foregoing document described as **ALLIANT CREDIT UNION RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** on the interested party(ies) in this action as follows:

Seth W. Wiener
**Law Offices of Seth Wiener**
609 Karina Court
San Ramon, CA 94582

Tel: 925.487.5607
Email: seth@sethwienerlaw.com

*Attorney for Plaintiff Joanne Rodrigues-Craig*

Gretchen Boger
**Lonich Patton Ehrlich Policastri**
1871 The Alameda Suite 400
San Jose, CA 95126-1753

Phone: 408-553-0801 | Fax: 408-553-0807
Email: GBoger@lpeplaw.com

*(Courtesy Copy – Related Case Santa Clara Superior Court Case No. 20FL000750)*

**XX**    **ONLY BY ELECTRONIC SERVICE [E-MAIL]** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. **We will provide a physical copy, upon request only.**

**XX**    I declare that I am employed in the office of a member of the Bar of California, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **June 15, 2021,** at Pasadena, California.

Yvette M. Gutierrez

3599-798/ ARCE

-1-

PROOF OF SERVICE

JOANNE RODRIGUES
38757 Quince Place
Newark, CA 94550
Telephone: (415) 715-4214
Email: joannecrodrigues@gmail.com

*In pro se,*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE RODRIGUES, | Case No.: 4:21-cv-01111-DMR |
| Plaintiff, | |
| vs. | **PROOF OF SERVICE** |
| ALLIANT CREDIT UNION; and DOES 1 through 10, inclusive, | Judge: HON. JUDGE RYU Date and Time: OCTOBER 14th, 2021, 1:30 PM |
| Defendants, | Location: COURTROOM 4, 3RD FLOOR |

\

I, Joanne Rodrigues ("Plaintiff" or "Rodrigues"), am over 18 years of age and resides in Alameda County. My home address is 38757 Quince Place, Newark, CA 94560. On September 7th, 2021, I served a true and correct copy of the following document(s) by U.S. certified mail to all parties in the case:

1. PLAINTIFF'S STATEMENT IN RESPONSE TO MOTION OF WITHDRAWAL BY ATTORNEY SETH WIENER

The document was served to the following individuals at their business addresses:

To Mr. Seth Wiener
609 Karina Court,
San Ramon, CA 94582

To Mr. Mark Worthge
2 North Lake, Suite 400,
Pasadena, CA 94582.

MOTION FOR WITHDRAWAL OF SETH WIENER AS COUNSEL FOR PLAINTIFF AND 90 DAY
CONTINUANCE - 1

1

2      I declare under penalty of perjury under the laws of the United States of America and the

3  State of California that the foregoing is true and correct.

4

5      Dated: September 7th, 2021

6      Respectfully submitted,

7      *Joanne Rodrigues*

8

9      Joanne Rodrigues
       The Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  MOTION FOR WITHDRAWAL OF SETH WIENER AS COUNSEL FOR PLAINTIFF AND 90 DAY
                              CONTINUANCE - 2