1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    JOANNE RODRIGUES,                           Case No. 21-cv-01111-DMR

8                     Plaintiff,

9         v.                                     ORDER DENYING MOTION FOR
                                                 ATTORNEYS' FEES
10   ALLIANT CREDIT UNION,
                                                 Re: Dkt. No. 119
11                    Defendant.

12          In this diversity jurisdiction lawsuit, self-represented Plaintiff Joanne Rodrigues sued

13   Defendant Alliant Credit Union ("Alliant") alleging that it violated its membership and account

14   agreement.  On November 7, 2022, the court granted Alliant's motion for summary judgment.

15   [Docket No. 113.]  Alliant now moves for attorneys' fees.  [Docket Nos. 119 ("Mot."), 124

16   ("Reply").]  Rodrigues opposes.[1]  [Docket No. 121 ("Opp'n").]  The court finds that this matter is

17   appropriate for resolution without oral argument.  N.D. Cal. Civ. L.R. 7-1(b).  For the following

18   reasons, the motion is denied.

19   I.     BACKGROUND

20          The factual background is set forth in full in the court's order granting Alliant's motion for

21   summary judgment.  [Docket No. 113.]  In short, Rodrigues filed this lawsuit against Alliant

22   asserting that it violated its 2019 Membership and Account Agreement when it froze access to her

23   bank accounts as part of her divorce proceedings.  [*See* Docket No. 107-2 at 1 ("Account

24   Agreement").]  Rodrigues alleged claims for breach of contract, negligence, conversion, violations

25   of California Financial Code § 1450 and the California Unfair Competition Law, and a claim for

26   declaratory relief.  On December 17, 2021, Rodrigues filed an amended complaint alleging a

27

28   _____
     [1] The court has also reviewed both parties' notices of errata.  [Docket Nos. 125, 126.]

1    seventh claim for relief under the Truth in Savings Act and its implementing regulations.  [Docket

2    No. 47 (First Amended Complaint ("FAC")).]  Alliant moved for summary judgment on

3    September 8, 2022.  [Docket No. 102.]  On November 7, 2022, the court granted Alliant's motion

4    and directed that the case be closed.  [Docket No. 113.]

5         Alliant now moves for attorneys' fees pursuant to California Code of Civil Procedure §§

6    1717 and 1021.

7    **II.    LEGAL STANDARDS**

8         "Under the American rule, as a general proposition each party must pay [their] own

9    attorney fees.  This concept is embodied in section 1021 of the Code of Civil Procedure, which

10   provides that each party is to bear [their] own attorney fees unless a statute or the agreement of the

11   parties provides otherwise."  *Gray v. Don Miller & Assocs., Inc.*, 35 Cal. 3d 498, 504 (1984); Cal.

12   Code Civ. Proc. § 1021 ("Except as attorney's fees are specifically provided for by statute, the

13   measure and mode of compensation of attorneys and counselors at law is left to the agreement,

14   express or implied, of the parties[.]").

15        A prevailing party in an action may only recover attorneys' fees as costs if a statute,

16   contract, or California law authorizes the recovery of those fees.  Cal. Code Civ. Proc. § 1032(b)

17   ("Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of

18   right to recover costs in any action or proceeding."); Cal. Code Civ. Proc. § 1033.5(a)(10)

19   (explaining that attorneys' fees are "allowable as costs under Section 1032" "when authorized by

20   any of the following: (A) Contract. (B) Statute. (C) Law.").

21   **III.    DISCUSSION**

22        As the prevailing party, Alliant seeks attorneys' fees incurred in defending this action.

23   Mot. at 1.  Alliant contends that attorneys' fees are authorized by two sections of the Account

United States District Court
Northern District of California

2

1    Agreement.[2]  *See* Mot. at 1-2, 4.  Rodrigues disputes this.[3]  Opp'n at 4-5.

2        Alliant seeks fees under Sections 13 ("Arbitration Agreement") and 26 ("Enforcement"),

3    which provide:

> 13. If any legal action is brought against your account, we may pay
> out funds according to the terms of the action or court order, or refuse
> any payout until the dispute is resolved. Any expenses or attorney fees
> we incur responding to legal process may be charged against your
> account without notice, unless prohibited by law. Any legal process
> against your account is subject to our lien and security interest.
>
> ***
>
> 26. You are liable to us for any loss, cost or expense we incur resulting
> from your failure to follow this Agreement. You authorize us to
> deduct any such loss, costs or expenses from your account with prior
> notice to you. If we bring a legal action to collect any amount due
> under or to enforce this Agreement, we shall be entitled, subject to
> applicable law, to payment of reasonable attorney's fees and costs,
> including fees on any appeal, bankruptcy proceedings, and any post
> judgment collection actions.

13   Account Agreement §§ 13 ("Arbitration Agreement"), 26 ("Enforcement").

14       With respect to Section 13, Alliant specifically relies on the following words: "[a]ny

15   expenses or attorney fees we incur responding to legal process may be charged against your

16   account without notice, unless prohibited by law.  Any legal process against your account is

17   subject to our lien and security interest."  Reply at 4 (citing Account Agreement § 13).

18       Alliant's argument misleadingly highlights the second sentence of Section 13 while

19   ignoring the first, which makes clear that the provision only applies "if any legal action is brought

20   against your account."  *See* Reply at 4, 5 n.2.  A plain reading of Section 13 does not support

21   Alliant's interpretation.  Here, Rodrigues initiated the action against Alliant for blocking access to

---

[2] Alliant states that the First Amended Complaint sought to recover attorneys' fees "as permitted
by law or contract."  Mot. at 4 (citing Docket No. 48 at 10).  It argues that Rodrigues' prayer for
relief impliedly recognizes that the Account Agreement entitles Alliant to attorneys' fees for
defending this action.  *See* Reply at 5.  Alliant cites no authority to support its argument that
Rodrigues' complaint should be construed to support Alliant's claim for contractual fees.

[3] Rodrigues makes several arguments unrelated to Alliant's asserted contractual entitlement to
fees.  For example, Rodrigues contends that Alliant failed to meet and confer in good faith
regarding this motion and that equity considerations weigh against awarding attorneys' fees based
on her status as a self-represented litigant.  *See* Opp'n at 4, 5-6.  As the court finds that Alliant is
not entitled to attorneys' fees under the Account Agreement, it need not reach these additional
arguments.

her account.  Alliant does not argue, nor does the record support, that Rodrigues brought the action "against" her account.  Alliant further contends that the fee provision "broadly appl[ies] to all of the claims Plaintiff made and lost" without explanation or citation to authority.  *See* Reply at 4. Where, as here, "the language [of a contract] is clear and explicit, and does not involve an absurdity," the language of the contract itself "is to govern its interpretation."  Cal. Civ. Code § 1638.  As Section 13 involves legal action brought against a member's account, the provision is inapposite on its face.[4]

Alliant's contention that it is entitled to attorneys' fees under Section 26 of the Account Agreement fails for similar reasons.  Section 26 applies where "we [Alliant] bring a legal action to collect any amount due under or to enforce" the Account Agreement.  Account Agreement § 26. Here, Alliant did not bring a legal action, and has not attempted to enforce Rodrigues' obligations under the Account Agreement.  Rodrigues brought this action to enforce *Alliant's* contractual obligations.  The express terms of Section 26 do not apply.

Alliant insists that it is nevertheless entitled to attorneys' fees under Sections 13 and 26 of the Account Agreement pursuant to California Civil Code § 1717.  That section "ensure[s] mutuality of remedy for attorney fee claims under contractual attorney fee provisions" in two ways.  *Santisas v. Goodin*, 17 Cal. 4th 599, 610 (1998).  First, it renders a unilateral fee-shifting provision mutual.  *Id.*  Second, it awards fees to a party who is sued on a contract and who defends the litigation by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract.  *Id.*; *see also Roy Allen Slurry Seal v. Laborers Int'l Union of N. Am. Highway & St. Stripers/Rd. & St. Slurry Loc. Union 1184, AFL-CIO*, 241 F.3d 1142, 1145 n.3 (9th Cir. 2001).  Section 1717 applies where (1) the action in which the fees are incurred arises from a contract; (2) the contract contains a provision stating that attorneys' fees incurred to enforce the contract shall be awarded to one of the parties or to the prevailing party; and (3) the

---

[4] Alliant insists that although Section 13 is located under the heading "Arbitration Agreement," it nevertheless applies to all types of proceedings.  Reply at 5.  In support, Alliant points to the "Severability" section of the agreement, which states that "all headings are intended for reference only and are not to be construed as part of the agreement."  *Id.* (citing Account Agreement § 25). The court does not need to reach this argument because the language of Section 13 does not apply to this case, regardless of the heading.

United States District Court
Northern District of California

1    party seeking fees is the prevailing party in the contract dispute.  *Penrod v. AmeriCredit Fin.*

2    *Servs. (In re Penrod)*, 802 F.3d 1084, 1087-88 (9th Cir. 2015).  However, even where section

3    1717's three conditions are met, a party may only recover its attorneys' fees "provided that [the

4    party opposing the request for attorneys' fees] would have been entitled to recover its fees had it

5    prevailed."  *In re Penrod*, 802 F.3d at 1088 (citation omitted).

6           Alliant's briefing is opaque and unhelpful.  It is not clear what effect, if any, Alliant

7    contends California Civil Code § 1717 has on Sections 13 and 26 of the Account Agreement

8    because Alliant does not develop any substantive argument in connection with section 1717,

9    leaving the court to guess.  *See* Mot. at 2; Reply at 3, 5.  As best as the court can tell, Alliant

10   argues that it has established the conditions set forth by the Ninth Circuit in *In re Penrod*—

11   notably, that the instant dispute constitutes an action "on a contract" and that Alliant is the

12   prevailing party.  *See, e.g.*, Mot. at 4 ("Here, it cannot reasonably be disputed that the Agreement

13   is a contract, and Plaintiff has admitted that the instant action arose out of the Agreement."); Reply

14   at 3 ("Plaintiff does not dispute that Alliant is the prevailing party.").  These arguments do not

15   explain how California Civil Code § 1717 serves to broaden Sections 13 and 26 of the Account

16   Agreement.

17          Alliant also argues in passing that "Plaintiff's arguments over the if-then clause of the

18   enforcement provision" is "flawed given the law on reciprocity."  Reply at 5.  Alliant does not

19   provide any explanation in support of this argument or for its bare citation in a footnote to

20   California Civil Code § 1717(a) and *Roy Allen Slurry Seal v. Laborers Int'l Union of N. Am.*

21   *Highway & St. Stripers/Rd. & St. Slurry Loc. Union 1184, AFL-CIO*, 241 F.3d 1142, 1145 n.3 (9th

22   Cir. 2001).  *See* Reply at 5, n.2.  To the extent Alliant contends that California Civil Code § 1717

23   broadens Section 26 in a way that would make it applicable in this case, that argument is

24   unpersuasive.  As previously noted, a party may only recover its attorneys' fees "provided that

25   [the party opposing the request for attorneys' fees] would have been entitled to recover its fees had

26   it prevailed."  *In re Penrod*, 802 F.3d at 1088 (citation omitted).  Here, neither Section 13 nor 26

27   allow Rodrigues to recover attorneys' fees.

28          Accordingly, Alliant is not entitled to attorneys' fees incurred in defending this action.

**IV.   CONCLUSION**

For the foregoing reasons, Alliant's motion for attorneys' fees is denied.


**IT IS SO ORDERED.**

Dated: April 18, 2023

_____
Donna M. Ryu
Chief Magistrate Judge